**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000233
13-JUL-2026
07:50 AM
Dkt. 51 SO**

NO. CAAP-25-0000233

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JASON K. PERRY, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1CPN-22-0000009; 1PC021000796 (1CR-02-1-0796))

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Jason **Perry** was convicted of two murders. Nineteen years later, he filed a petition under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40. The Circuit Court of the First Circuit denied it without a hearing. Perry appeals from the *Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody*.[1] We affirm.

In 2003 a jury found Perry guilty of two murders that occurred several days apart. State v. Perry, 153 Hawai'i 185, 187, 528 P.3d 524, 526 (2023) (**Perry II**). He was sentenced to consecutive terms of life in prison without the possibility of parole (**LWOP**).[2] Id. Perry appealed. We affirmed. State v. Perry, No. 26118, 2007 WL 1221117, at *1-2 (Haw. App. Apr. 26, 2007) (SDO) (**Perry I**), aff'd, 153 Hawai'i 185, 528 P.3d 524 (2023).

---

[1]     The Honorable Clarissa Y. Malinao presided.

[2]     The Honorable Karen S.S. Ahn presided.

Perry's attorney applied for a writ of certiorari but the supreme court denied it as untimely. Perry II, 153 Hawaiʻi at 188, 528 P.3d at 527.

On July 7, 2022, Perry filed an HRPP Rule 40 petition. It stated five grounds for relief:

1. [Perry] received ineffective assistance of appellate counsel in violation of the Sixth Amendment of the United States Constitution and Article I, Section 14 of the Hawaiʻi Constitution.

2. The sentencing court impermissibly imposed two terms of imprisonment of Life Without Possibility of Parole based on facts decided by the court rather than a jury.

3. The Circuit Court erred by denying Mr. Perry's motion for a mistrial on three separate occasions.

4. The jury instructions as a whole were confusing, misleading and/or erroneous as evidenced by the numerous questions from the jury and an inconsistent jury verdict on one count.

5. The circuit court erred when it accepted an inconsistent verdict for Count 2.

The State did not contest ground one, that Perry received ineffective assistance of appellate counsel. The circuit court entered an order granting Perry's petition in part under Villados v. State, 148 Hawaiʻi 386, 394, 477 P.3d 826, 834 (2020).[3] Perry was allowed to move this court to vacate the judgment on appeal entered in Perry I and re-enter a judgment, which would trigger a new deadline for him to apply for certiorari. He did. We did. The supreme court accepted certiorari. Perry II, 153 Hawaiʻi at 188, 528 P.3d at 527.

Perry raised two points of error on certiorari. Id. The supreme court first held that the verdict form was not prejudicially insufficient, erroneous, inconsistent, or misleading, and the jury's verdict was not irreconcilably inconsistent. Id. at 188-89, 528 P.3d at 527-28. That disposed of grounds four and five of Perry's Rule 40 petition.

---

[3] Judge Malinao presided.

2

The supreme court then examined Perry's arguments that the trial court made factual findings to support his enhanced sentences in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, (2000), and that his simultaneous murder convictions were not "previous convictions" that subjected him to enhanced sentencing under Hawaii Revised Statutes (**HRS**) § 706-657.  On that issue the supreme court stated:

> In 1996, the legislature defined "previously convicted" as "a sentence imposed <u>at the same time</u> or a sentence previously imposed which has not been set aside, reversed, or vacated."  (Emphasis added.)  "The legislature's intent was to permit a court to sentence a defendant to life imprisonment without the possibility of parole when the defendant commits two or more murders."  Commentary to HRS § 706-657 (citing S. Stand. Comm. Rep. No. 2592, in 1996 Senate Journal at 1210; H. Stand. Comm. Rep. No. 221-96 in 1996 House Journal at 1122-23).  As the legislature put it: "The bill now clarifies that two murders, regardless of when the person formulated the intent or state of mind to kill the two persons, permits the court to sentence a person convicted of two murders to life imprisonment without parole."  S. Stand. Comm. Rep. No. 2592 on H.B. No. 2620 in 1996 Senate Journal at 1210.

<u>Perry II</u>, 153 Hawaiʻi at 190–91, 528 P.3d at 529–30.

After the supreme court affirmed Perry's conviction and sentence, Perry filed an amended memorandum of law in circuit court.  It stated, "Mr. Perry's direct appeal has been completed, and the other issues raised in Mr. Perry's petition are now ripe for review."  The memorandum submitted additional arguments concerning the constitutionality of HRS § 706-657.

The circuit court found and concluded that "all grounds raised by [Perry] are patently frivolous and without a trace of support in either record, the issues have been previously ruled upon, or the issues were waived."  The court entered an order denying the petition without a hearing.

Perry appeals.  He states four points of error.  Three challenge the constitutionality of HRS § 706-657 based on (1) denial of the right to jury trial, (2) denial of due process, and (3) cruel and unusual punishment.  The fourth challenges his consecutive LWOP sentences as illegal.

We review a trial court's denial of a Rule 40 petition without a hearing *de novo*.  <u>Fagaragan v. State</u>, 132 Hawaiʻi 224,

234, 320 P.3d 889, 899 (2014). As is relevant here, HRPP Rule 40(a)(3) (2006) provides:

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

The State argues to the extent Perry's points of error weren't ruled on in Perry I or Perry II, they are waived because Perry could have raised them in his direct appeal, but didn't. Perry's defense counsel made most, if not all, of the arguments Perry makes here during the sentencing hearing. Except for the Apprendi issue, it doesn't appear that Perry's points were previously ruled upon. His points challenge the legality of his consecutive LWOP sentences. HRPP Rule 40(a)(3) "specifically exempts illegal sentence claims from being waived." Flubacher v. State, 142 Hawaiʻi 109, 114 n.7, 414 P.3d 161, 166 n.7 (2018).

**(1)** Perry contends HRS § 706-657 is unconstitutional because it impinged on his right to a jury trial. The supreme court disposed of that argument in Perry II when it ruled on his Apprendi challenge.

When Perry was sentenced in 2003, HRS § 706-657 (Supp. 2002) provided, in relevant part:

> The court may sentence a person who has been convicted of murder in the second degree to life imprisonment without possibility of parole under section 706-656 if . . . *the person was previously convicted of the offense of* murder in the first degree or *murder in the second degree* in this State . . . . As used in this section, the phrase . . . *"previously convicted" means a sentence imposed at the same time* or a sentence previously imposed which has not been set aside, reversed, or vacated.

(Emphasis added.)

4

Perry argues that his "two sentences for life without the possibility of parole violated his right to a jury trial because they were based on facts found by a judge instead of jury." The supreme court held:

> Perry's simultaneous convictions mean that no jury fact-finding was needed to enhance his sentences. The jury found beyond a reasonable doubt that Perry committed murder in the second degree — twice. It didn't need to find anything more for Perry to be eligible for enhanced sentencing under HRS § 706-657. And the court didn't need to find anything beyond those convictions to determine that Perry "was previously convicted of the offense of murder in the first degree or murder in the second degree." HRS § 706-657.

Perry II, 153 Hawaiʻi at 190, 528 P.3d at 529.

Perry's first point of error was previously ruled upon.

**(2)** Perry contends HRS § 706-657 is unconstitutional because it denied him due process of law. He argues he was denied his right to appeal because by including "a 'simultaneous' conviction in its definition of a 'previous' conviction, the statute allows a court to enhance a defendant's sentence before he has exercised his right to appeal the 'simultaneous' conviction."

Perry had the right to, and did, appeal his conviction on both murders. The supreme court affirmed them in Perry II. Had one of the murder convictions been vacated, the case could be remanded for resentencing because Perry would no longer have been subject to enhanced sentencing.

Perry also argues HRS § 706-657 "violates the 'fair notice' provisions of the Due Process Clauses because a grand jury cannot find that probable cause exists for a 'previous' conviction prior to the defendant's conviction for that charged offense."

The two murder counts in Perry's indictment contained identical language:

> JASON K. PERRY is subject to sentencing in accordance with Section 706-657 of the Hawaii Revised Statutes where he was previously convicted of the offense of Murder in the Second Degree in the State of Hawaii. "Previously convicted" means a sentence imposed at the same time.

5

Thus was Perry notified that if convicted on both murder counts for which the grand jury found probable cause, he would be subject to enhanced sentencing.

The supreme court's decision in Perry II affirming the conviction and sentence also disposes of Perry's argument that "*Apprendi*'s narrow prior conviction exception" applies only if "fair notice, reasonable doubt and the right to a jury trial" are met. In Perry's case, they were.

**(3)** Perry contends HRS § 706-657 is unconstitutional because consecutive LWOP sentences are cruel and unusual.

> The question of what constitutes an adequate penalty necessary for the prevention of crime is addressed to the sound judgment of the legislature and the courts will not interfere with its exercise, unless the punishment prescribed appears clearly and manifestly to be cruel and unusual.

State v. Solomon, 107 Hawaiʻi 117, 131, 111 P.3d 12, 26 (2005) (quotation marks omitted).

The issue presented is whether sentencing a defendant to LWOP for murder in the second degree if the defendant is convicted of another murder in the second degree at the same time "appears clearly and manifestly to be cruel and unusual." Solomon, 107 Hawaiʻi at 131, 111 P.3d at 26.

To make that determination, we consider three things: (a) the nature of the offense and/or the offender, with particular regard to the degree of danger posed by both to society; (b) the extent of the challenged penalty as compared to the punishments prescribed for more serious crimes within the same jurisdiction; and (c) the extent of the challenged penalty as compared to the punishment prescribed for the same offense in other jurisdictions. Id. at 132, 111 P.3d at 27.

**(a)** "[T]he nature of the offense and the danger the offender poses to society are the key factors in this determination." Id. Here, the trial court considered the nature of the offense and the offender when deciding the State's motion for consecutive sentencing. "[T]he court remarked that before Perry killed the victim in count 1, she was 'tortured.' The court also described Perry's actions as 'cruel and

6

reprehensible.'" Perry II, 153 Hawaiʻi at 190, 528 P.3d at 529. The trial court also found Perry "a danger to society." The first factor "warranted the imposition of a strict penalty[.]" Solomon, 107 Hawaiʻi at 132, 111 P.3d at 27.

**(b)** Perry argues his sentence "is longer than a sentence for murder in the first degree." The sentence for murder in the first degree is LWOP. HRS § 706-656(1) (1993).

Perry argues "a defendant is entitled to have his term commuted to life imprisonment with the possibility of parole after serving twenty years" but "he will have to serve a minimum of forty years because of the two terms running consecutively to each other." See HRS § 706-656(1). That is because he was convicted of murdering two people. A defendant convicted of two murders in the first degree, or murder in the first degree and, later or at the same time, murder in the second degree, would be in the same situation. Perry's sentence "does not appear to be disproportionately onerous." Solomon, 107 Hawaiʻi at 132, 111 P.3d at 27.

**(c)** Other jurisdictions have imposed consecutive LWOP sentences for multiple murders. See, e.g., Hicks v. State, 578 P.3d 366 (Wyo. 2025) (three consecutive terms); State v. Borlase, 912 S.E.2d 795 (N.C. 2025) (two consecutive terms); Hancz-Barron v. State, 235 N.E.3d 1237 (Ind. 2024) (four consecutive terms); Nicodemus v. State, 392 P.3d 408 (Wyo. 2017) (two consecutive terms).

We conclude the imposition of consecutive LWOP sentences under HRS § 706-657 is not cruel or unusual.

**(4)** Perry contends his sentence is illegal because under HRS § 706-657, only one of his convictions could be enhanced. He argues, as he did in Perry II, that "one of these convictions is the 'previous' conviction and the second conviction is the 'subsequent' conviction. The court could enhance the 'subsequent' conviction with the 'previous' conviction but [could] not enhance the 'previous' conviction with the 'subsequent' conviction." The supreme court rejected that argument based on the plain language of HRS § 706-657. Perry II,

153 Hawaiʻi at 190–91, 528 P.3d at 529–30.  We conclude Perry's consecutive LWOP sentence was not illegal.

The February 21, 2025 *Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody* is affirmed.

DATED: Honolulu, Hawaiʻi, July 13, 2026.

On the briefs:

Cynthia A. Kagiwada,
for Petitioner-Appellant
Jason K. Perry.

Steven S. Alm,
Prosecuting Attorney,
Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee
State of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge